UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*(ELECTRONICALLY FILED)*

RITA WHITE                              )
                                        )
            PLAINTIFF                   )
                                        )        CIVIL ACTION NO. 3:10-CV- 570 - H
v.                                      )
                                        )
HUMANA INSURANCE COMPANY                )
and ROBERTA ZIMMERMAN                   )
                                        )
            DEFENDANT                   )

## NOTICE OF REMOVAL

Defendants, Humana Insurance Company ("HIC") and Roberta Zimmerman ("Zimmerman") (collectively, "Defendants"), by counsel, hereby give notice of the removal of this civil action ("State Court Action") from Jefferson Circuit Court, Division Twelve, Louisville, Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division, pursuant to 28 U.S.C. § 1441 *et seq.* The grounds for removal are as follows:

1.      On July 24, 2009, Plaintiff, Rita White ("Plaintiff" or "White"), commenced a civil action captioned *Rita White v. Humana Inc.,* Civil Action No. 09-CI-07536 against Humana Inc., a parent company to HIC, in Jefferson Circuit Court, Louisville, Kentucky. The Complaint asserted disability discrimination claims under the Kentucky Civil Rights Act ("KCRA"), Chapter 344, and wrongful discharge and intentional infliction of emotional distress claims.

2.      Copies of the Civil Summons and Complaint were served on Humana's registered agent by certified mail on or about July 28, 2009.

3.      In her Complaint, Plaintiff did not allege a retaliation claim against Humana Inc. or assert any claim at all against Zimmerman or HIC.  (Ex. 1).  Plaintiff did not even assert that Zimmerman had engaged in any wrongful conduct against Plaintiff on behalf of Humana Inc. (Ex. 1).  During the relevant time period, Kristen Mull ("Mull"), not Zimmerman, was Plaintiff's immediate supervisor.  (Ex. 2, Deposition of Rita White pages 137-38, 205, hereafter "R. White Depo. p.___").  Mull is a citizen of Indiana.  (Ex. 6, Sworn Statement of Kristin Mull, paragraph 1; hereafter Mull Swn. Stmt ¶ ___).

4.      Because it had not been Plaintiff's employer during the relevant time period, Humana Inc. moved to substitute Humana Insurance Company ("HIC"), which had been her sole employer during the relevant timeframe, as the Defendant.  On January 15, 2010, the Court dismissed Humana Inc. as a Defendant but ordered Plaintiff to amend her Complaint to name HIC as a Defendant.

5.      Plaintiff filed her First Amended Complaint on January 26, 2010 naming HIC and Zimmerman as Defendants.  (Ex. 3).  HIC is not a citizen of Kentucky, and is diverse from Plaintiff, but Zimmerman is a Kentucky citizen.  (Ex. 3).  White reasserted all previous claims against HIC, and added a claim of unlawful retaliation under the Kentucky Civil Rights Act, KRS § 344.280, against both Defendants.  (Ex. 3).  Significantly, Plaintiff's direct supervisor, Mull, a citizen of Indiana, was not sued while Zimmerman, a Kentucky citizen, was sued, despite the fact that she was not Plaintiff's immediate supervisor.

6.      On March 23, 2010, HIC filed a Notice of Removal ("First Notice of Removal"), in which it asserted that Zimmerman had been fraudulently joined as a Defendant.  (Ex. 4).  In the First Notice of Removal, HIC advised the United States District Court for the Western District of Kentucky ("Court") that Plaintiff's Complaint "did not assert any facts of what

conduct Zimmerman allegedly took that would support a retaliation claim."  (Ex. 4, ¶ 6). Further, HIC asserted that Plaintiff's deposition testimony failed to provide any factual or legal basis for imposing liability against Zimmerman.  (Ex. 4, ¶ 6).

7.      On April 23, 2010, the Court, on its own motion, remanded the action to Jefferson Circuit Court.  (Ex. 5).  The Court concluded that the allegations of the First Amended Complaint – rather than factual evidence obtained in discovery – provided a reasonable basis for concluding that Zimmerman could be liable if the allegations are assumed to be true.  The Court also noted that no motion to dismiss had been filed and that its fraudulent joinder analysis was, therefore, "less searching."   Ultimately the Court ruled that based on the pleadings and preliminary evidence, jurisdiction did not lie in the Court unless the defendants could provide an "alternative proper basis for removal."  (Ex. 5, p. 4).

8.      Even though the original cause of action against Humana Inc. was filed greater than one year ago, "the one year limit on removal of diversity cases does not apply to cases involving fraudulent joinder."  Hardey v. AJAX Magnathermic Corp., 122 F. Supp. 2d 757, 759 (W.D.Ky. 2000); see also Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1317-18 (9th Cir. 1998); Bierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534-35 (6th Cir. 1999) (relying heavily upon Ritchey to decide a separate issue).  Because Zimmerman was fraudulently joined, this Notice of Removal is timely.  In any event, this notice of removal is filed less than one year after the commencement of the action against these particular Defendants.  The First Amended Complaint, which is the first pleading served on HIC and Zimmerman, was served on the Defendants less than one year prior to the filing of this Notice of Removal.

9.      This Notice of Removal is also timely because it has been filed within thirty days after HIC received a "paper" which first allowed HIC to ascertain that this action is removable.

28 U.S.C. § 1446(b).  Information uncovered in a deposition may constitute a "paper" for the purposes of 28 U.S.C. § 1446(b).  Peters v. Lincoln Electric Co., 285 F.3d 456, 466 (6th Cir. 2002) (holding that "[u]nquestionably, information elicited during a deposition may serve that purpose [as an 'other paper'].").  On July 28, 2010, the deposition testimony of Zimmerman confirmed that this action is removable, as discussed further below.  This deposition testimony is the "paper" that allowed HIC to determine that this action is removable.

10.    This Notice of Removal is proper because a second Notice of Removal may be filed when "new developments – such as discovery responses" reveal that an action is removable, regardless of whether the action previously had been remanded.  Minix v. Kawasaki Motors Corp., 2009 WL 2212282, *3 (E.D. Ky., July 23, 2009); see also Benson v. SI Handling Sys., Inc., 188 F.3d 780, 783 (7th Cir. 1999).  In the case at hand, the deposition testimony of Zimmerman constitutes a "new development" that reveals that the State Court Action is removable.

11.    Plaintiff's only claim against Zimmerman is the retaliation claim.  Prior to Zimmerman's deposition, Plaintiff had not identified or produced any evidence establishing that she engaged in any protected activity under the KCRA or that Zimmerman had retaliated against her.  As the Court previously noted, prior to the end of discovery, there was a possibility that additional evidence could be uncovered supporting Plaintiff's allegations that Zimmerman was individually liable for retaliation.  As explained below, following Zimmerman's deposition on July 28, 2010, the undisputed facts in the Record establish that Zimmerman was fraudulently joined to this action.

12.    When Plaintiff did not return to work at the end of her FMLA leave, her position was filled and she was replaced.  Plaintiff was informed of this in early June and remained on

short term disability ("STD") leave, which had been approved through June 25, 2006. Typically, employees have 30 days following the end of STD leave to apply for another position at HIC if their position was filled while they were on STD leave. When Plaintiff's position was filled, Mull thought she was supposed to indicate this change in the computer as a "termination." (Ex. 7, Mull Sworn Stmt., ¶ 5). As a result of this erroneous computer entry, White's benefits were cancelled. It is this erroneous computer entry that Plaintiff claims is the basis for her claim against Zimmerman. Based on Plaintiff's deposition, her sole basis for asserting Zimmerman was individually liable for retaliation because her employment was "terminated" in June 2006 is that Zimmerman was Mull's manager and "somebody had to sign off on the paperwork." (Ex. 2, p. 204).

13.    Zimmerman, however, did not know at the time that Mull made the erroneous computer entry or that White's benefits would be ended while she was on STD leave. (Ex. 6, Deposition of Roberta Zimmerman p.40, hereafter "R. Zimmerman Depo., p. ___")). Later, the mistake was discovered and Plaintiff's "employment" and benefits were restored. (Ex. 7, Mull Sworn Stmt., ¶6).

14.    After Plaintiff's "employment" and benefits were restored, she twice sought to extend her STD leave beyond June 25, 2006. Because of the confusion relating to her mistaken "termination" in June, Plaintiff was given more than 30 days to find a new position after her STD ended. When she failed to obtain a new position, Plaintiff's employment was terminated on September 22, 2006.

15.    On July 28, 2010, Zimmerman's deposition testimony confirmed that she did not take part in the alleged adverse action of "terminating" Plaintiff's employment benefits on June 5, 2006. In fact, Zimmerman was not even aware that it had occurred until weeks later:

Q.  When did Kristin Mull inform you that she had made this error?

A.  It was the end of June that I found out that the error had occurred.

(Ex. 6, R. Zimmerman Depo., p. 40).

16.     Immediately following Zimmerman's deposition, the parties agreed that discovery was closed.  (Ex. 8, July 28, 2010 e-mail between counsel reflecting their agreement that discovery was closed).  With discovery closed, the record is uncontroverted that Zimmerman did not "sign off on" the "termination" of benefits in June or otherwise take any adverse action against Plaintiff.  Thus, there is no possible basis for individual liability against Zimmerman.

17.     With discovery concluded, no evidence has been or will be identified that establishes that Zimmerman took any adverse action against the Plaintiff in retaliation for any protected conduct under the KCRA.  Thus, Zimmerman's deposition testimony, which confirms that she did not take any adverse action against the Plaintiff, is therefore, a "paper" and a "new development" that allowed HIC to determine that there is no reasonable basis for predicting that Plaintiff might be able to recover in her retaliation claim against Zimmerman.

18.     "[A] party is fraudulently joined if there is no reasonable basis for predicting that the state law might impose liability on the facts involved."  Coyne v. American Tobacco Co., 183 F.3d 488, 493 (6th Cir., 1999) (quoting Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 949 (6th Cir., 1994)).  Because there is no evidence of any protected activity under the KCRA or evidence establishing that Zimmerman took any adverse action against the Plaintiff in retaliation for White engaging in any conduct protected under the KCRA, Zimmerman, who is a citizen of Kentucky, has been fraudulently joined as a defendant in an effort to preclude the removal of this action to Federal Court.  The only person who made any "termination" decision concerning Plaintiff was Mull, an Indiana citizen, or HIC, a citizen of Wisconsin.  This

fraudulent joinder should be disregarded for the purposes of determining whether the Court has jurisdiction over this action.  "[F]raudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." Coyne, 183 F.3d at 493.  Plaintiff failed to assert any facts which demonstrate Zimmerman is liable for any claim, and Zimmerman's deposition testimony confirmed that she cannot be liable for any claim against her.  Therefore, for these and other reasons set forth in Defendant's Motion for Summary Judgment, which Defendant intends to file immediately following filing of this Notice, there is no reasonable basis for predicting state law liability against Zimmerman.

19.    Therefore, because HIC, a Wisconsin citizen, is the only Defendant in this action that has not been fraudulently joined, the properly joined parties are completely diverse and this Court has jurisdiction over the State Court Action under the provisions of 28 U.S.C. § 1332(a), and is now one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, *et seq.* in that:

(a)    Plaintiff is a citizen of Kentucky;

(b)    HIC is a corporation organized under the laws of the State of Wisconsin, with its principal place of business in the State of Wisconsin and is therefore a citizen only of Wisconsin;

(c)    At the time of the filing of Plaintiff's Complaint and First Amended Complaint and upon the date of filing of this Notice of Removal, Plaintiff and HIC were and continue to be citizens of different states; and

(d)    Upon information and belief, including Plaintiff's claims for past and future lost wages, past and future lost benefits, emotional distress, mental anguish, humiliation, embarrassment and punitive damages, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

20.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being timely filed within thirty (30) days after the July 28, 2010 deposition of Zimmerman, when it first could be ascertained that fraudulent joinder had occurred and the State Court Action had become removable.  This also occurred less than one (1) year after the commencement of the State Court Action against HIC and Zimmerman.

21.     The Jefferson County Circuit Court in which the State Court Action was commenced is within this Court's District.

22.     True and correct copies of all process, pleadings and orders served and filed in the State Court Action as of the filing of this Notice of Removal are attached hereto as Exhibits 1.

23.     True and correct copies of this Notice of Removal and separate Notice of Filing of Notice of Removal will be served upon Plaintiff's counsel and filed with the Clerk of the Jefferson Circuit Court, Louisville, Kentucky in accordance with the provisions of 28 U.S.C. § 1446(d).

24.     In filing this Notice of Removal, Defendants do not waive any defenses available in this action.

25.     This Notice of Removal has been verified by Philip C. Eschels, counsel for Defendants herein, pursuant to 28 U.S.C. § 1446(a) and with respect to Rule 11 of the Federal Rules Of Civil Procedure.

WHEREFORE, Defendants respectfully give Notice of Removal of the State Court Action from the Jefferson Circuit Court of Jefferson County, Louisville, Kentucky to this Court in accordance with the foregoing.

Respectfully submitted,

/s/ Philip C. Eschels

Philip C. Eschels
Blaine R. Blood
William J. Kishman
GREENEBAUM DOLL & MCDONALD PLLC
101 South Fifth Street
3500 National City Tower
Louisville, Kentucky  40202
(502) 589-4200
pce@gdm.com
brb2@gdm.com
wjk@gdm.com

COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2010, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and mailed a copy via U.S. First Class mail, postage prepaid to:

Kurt A. Scharfenberger
The Scharfenberger Law Office
1500 Kentucky Home Life Building
239 South Fifth Street
Louisville, KY 40202
kurt@scharfenberger-law.com

/s/ Philip C. Eschels
COUNSEL FOR DEFENDANTS

4038074_1.doc

9