09 CI 07438

| AOC-105          Doc. Code: CI | | Case No. _____ |
| --- | --- | --- |
| Rev. 1-07.    07/24/2009 01:17 pm | | Court  ☑ Circuit ☐ District |
| Page 1 of 1    Ver. 1.02 | CIVIL SUMMONS | |
| Commonwealth of Kentucky | | County  Jefferson |
| Court of Justice    www.courts.ky.gov | | |
| CR 4.02; CR Official Form 1 | | |

PLAINTIFF

Rita                    White        JEFFERSON CIRCUIT COURT
7906 Kenhurst Drive                                  DIVISION TWELVE (12)

Louisville            Kentucky            40258

VS.

DEFENDANT

Humana, Inc.

500 West Main Street

Louisville            Kentucky            40201

**Service of Process Agent for Defendant:**

CSC-Lawyers Incorporating Service Company

421 West Main Street

Frankfort                                    Kentucky            40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within 20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____, 2_____     JUL 24 2009          _____ Clerk

By: _____ D.C.

<table>
<tr><td colspan="2"><strong>Proof of Service</strong></td></tr>
<tr><td colspan="2">This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:</td></tr>
<tr><td colspan="2">_____</td></tr>
<tr><td>this _____ day of _____, 2_____.</td><td></td></tr>
<tr><td></td><td>Served by: _____</td></tr>
<tr><td></td><td>_____ Title</td></tr>
</table>

09CI7435

(12)

JEFFERSON CIRCUIT CT.

2009 JUL 29 P 2:01

CLERK I

BY_____D.C.

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

(Humana, Inc.)
CSC-Lawyers Incorporating Service Company
421 West Main Street
Frankfort, KY 40601

09 CI 07436 (12)

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _Linda A. Smith_    ☐ Agent
                        ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Linda A. Smith    Jul 28 2009

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number    7008 1300 0000 1427 8940
(Transfer from service label)

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

09 CI 07436

CIVIL ACTION NO. _____          JEFFERSON CIRCUIT COURT

                                          DIVISION _____

                                          JUDGE _____

                                          JEFFERSON CIRCUIT COURT
                                          DIVISION TWELVE (12)

Rita White
7906 Kenhurst Drive                                          PLAINTIFF
Louisville, Kentucky 40258


v.                              **COMPLAINT**


Humana, Inc                                                  DEFENDANT
500 West Main Street
Louisville, Kentucky 40201


        SERVE:       CSC-Lawyers Incorporating Service Company
                     421 West Main Street
                     Frankfort, Ky 40601

                  I.      **INTRODUCTION**

        Comes the Plaintiff, Rita White (hereinafter "White" or "Plaintiff"), and for her

Complaint against the Defendant, Humana, Inc (hereinafter "Humana or "Defendant") states as

follows:

           II.    **PARTIES, JURISDICTION AND VENUE**

1.      Plaintiff is an individual residing in Louisville, Kentucky.

2.      Defendant Humana is a company doing business in Louisville, Kentucky.

3.      Venue is proper in Jefferson County, Kentucky, pursuant to Kentucky Revised Statutes

("KRS"), Chapter 452 because the events that give rise to the causes of action in this case

occurred in Jefferson County, Kentucky.

4.      A case and controversy exists between the parties to this action and the amount in controversy exceeds the jurisdictional minimum of this Circuit Court.

### III.   FACTS

5.      White is a former employee of Humana.

6.      White worked for Humana in Louisville, Kentucky.

7.      White worked for Humana for approximately eleven (11) years.

8.      During his employment with Humana, White received favorable work performance reviews.

9.      Prior to starting work with Humana, White made Humana aware that White had a condition known as Pseudotumor Cerebri.

10.     White' condition substantially limited her ability to work and perform major life activities.

11.     During her employment Humana regarded and perceived White as disabled.

12.     White's illness required her to seek frequent medical treatment.  Despite the fact that Humana had accommodated other disabled persons, Humana refused to accommodate White. Moreover, White's supervisor, Mary Morris, wrote up White for attendance violations while White was on authorized medical leave. White complained and voiced her opposition to Humana's treatment.  In retaliation for White making complaints, Humana  increased White's work load.

13.     After enduring unbearable pressure for several months White was wrongfully terminated by Humana on June 5, 2006.  Humana terminated White despite the fact that White was on approved leave. (See "Exhibit 1")

2

14.    Although Humana had accommodated other disabled employees, the Defendant failed and refused to reasonably accommodate White.

## IV.   CLAIMS AND CAUSES OF ACTION

### A.    KRS 344 DISCRIMINATORY AND UNLAWFUL DISCHARGE ON THE BASIS OF A DISABILITY OR A PERCEIVED DISABILITY

15.    White re-alleges all allegations contained in Paragraphs 1 through 14 above as if fully set forth herein.

16.    The Defendant's actions constitute discriminatory and unlawful discharge on the basis of a disability, a "perceived" disability or a "regarded as" disability" in violation of Kentucky Revised Statutes, Chapter 344 § 010 *et. seq.* (hereinafter "KRS 344").

17.    As a result of the Defendants' actions, White has suffered damages recoverable under KRS 344.

### B.    KRS 344 FAILURE TO ACCOMMODATE

18.    White re-alleges all allegations contained in Paragraphs 1 through 17 above as if fully set forth herein.

19.    White was a qualified individual with a disability under KRS 344.

20.    The Defendant's actions constitute an unlawful failure to reasonably accommodate White's disability under KRS 344.

21.    As a result of the Defendant's actions, White has suffered damages recoverable under KRS 344.

3

## C.    PUBLIC POLICY WRONGFUL DISCHARGE

22.    White re-alleges all allegations contained in Paragraphs 1 through 21 above as if fully set forth herein.

23..    The circumstances surrounding White' separation from employment with the Defendant constitute an actionable wrongful discharge in violation of Kentucky public policy.

24.    As a result of the Defendant's actions, White has suffered damages recoverable under Kentucky common law.

## D.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25.    White re-alleges all allegations contained in Paragraphs 1 through 24 above as if fully set forth herein.

26.    The Defendant's actions constitute the tort of intentional infliction of emotional distress, also known as the tort of outrage.

27.    As a result of the Defendant's actions, White has suffered damages recoverable under Kentucky tort law.

## E. KRS 344 RETALIATION

28.    White re-alleges all allegations contained in Paragraphs 1 through 27 above as if fully set forth herein.

29.    The Defendant's conduct constitutes unlawful retaliation in violation of KRS 344.280 *et seq.*

30.    As a result of Humana's actions, White has suffered damages recoverable under KRS 344.280 *et seq.*

4

## V.  **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff White respectfully prays that she be awarded the following relief and all other relief to which she may be entitled:

A.    Trial by jury;

B.    Judgment against the Defendant on all claims asserted herein;

C.    Compensatory damages including but not limited to past and future lost wages and past and future lost benefits;

D.    Compensatory damages including but not limited to emotional distress, mental anguish, humiliation and embarrassment;

E.    Punitive damages to punish and deter similar future unlawful conduct;

F.    An award of statutory attorney fees, costs and expenses; and

G.    Statutory interest on all damage awards, verdicts or judgments.

H.    To any other relief to which she may be entitled.


THE SCHARFENBERGER LAW OFFICE


Kurt A. Scharfenberger
1600 Kentucky Home Life Building
239 S. Fifth Street
Louisville, Kentucky 40202
(502) 561-0777 (phone)
(502) 584-0293 (fax)
Kurt@scharfenberger-law.com

*Attorney for the Plaintiff Rita White*

5

## EXHIBIT 1



June 2, 2006

RITA RENEE WHITE
7906 KENHURST DR
LOUISVILLE, KY 40258

RE:   White, Rita Renee          DOB:              **REDACTED**
      Claim Number:              2652959
      Policy Number:             496797
      Unum Life Insurance Company of America

Dear Ms. White:

We have received and reviewed the additional medical information provided by your attending physician for your disability claim.

We are pleased to inform you that, based on the current information in our claim file, your benefits have been approved through June 25, 2006. If you are able to return to work in any capacity before June 26, 2006, please contact us immediately. Because Short Term Disability benefits may need to be evaluated after you have returned to work in any capacity, you may be required to reimburse your employer for any overpayment of benefits.

If you cannot return to work on June 26, 2006 for medical reasons, your attending physician(s) must provide us with the medical information below to support your continued disability. **This information must indicate how your medical condition continues to affect your work capacity. We require the following information:**

- **All current medical records (including treatment notes, procedure notes, and test results) from all treating providers from May 25, 2006 to the present.**
- **A list from your physician indicating the activities you cannot and should not do along with an explanation of the medical reasoning supporting these restrictions and limitations.**
- **A copy of your treatment plan and return-to-work plan from your physician.**

*Please Note:* **We suggest that you make this letter available to your physician(s) and request that your physician(s) mail or fax this information directly to us.** You should also

Unum Life Insurance Company of America
The Benefits Center
PO Box 100158
Columbia, SC 29202-3158
Phone: 1-877-851-7637
Fax: 1-877-851-7624
www.unumprovident.com

1242-03

Claimant Name: White, Rita Renee
Claim Number: 2652959

June 2, 2006
Page 2 of 2

be aware that <u>a note from your physician saying you cannot return to work will not be acceptable without the supporting medical data listed above.</u>

We regret that we cannot consider extending benefits beyond June 25, 2006 unless we receive and review the additional medical information. After completing our review, we will make a determination about extending your benefits. If we do not receive the additional medical information within 14 days from June 25, 2006, we will have to close your file on July 08, 2006.

A secure website is available where you can view the status of your claim including any outstanding items needed to process your claim. You can also provide us with information, such as the date you returned to work or your new address. This self-service tool is available 24 hours a day, 7 days a week. Simply go to www.unumprovident.com/claimant and follow the instructions to log into the website.

Ms. White, if you have questions about your claim or this process, our Contact Center is staffed with experienced representatives who can be contacted at 1-877-851-7637. We will identify your claim by your Social Security number, so please have this number available when you call.

Sincerely,

*Penny Hodgkins*

Penny Hodgkins
Benefits Center Representative
Unum Life Insurance Company of America

1242-03



7008 1300 0000 1427 8940

Circuit Court Clerks Office
Judicial Center
700 W. Jefferson St.
Louisville, KY 40202

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

CSC-Lawyers Incorporating Service Company
421 West Main Street
Frankfort, KY 40601

CIVIL ACTION NO. 09 CI 07436                          JEFFERSON CIRCUIT COURT
                                   CIRCUIT CLERK'S OFFICE   DIVISION TWELVE
                                   JEFFERSON CIRCUIT CT. JUDGE SUSAN SHULTZ GIBSON

RITA WHITE                              2009 AUG 17 P 4:28                    PLAINTIFF

v.                                            CLERK 5

                                   ANSWER OF DEFENDANT
                    HUMANA INC. TO PLAINTIFF'S COMPLAINT


HUMANA INC.                                                          DEFENDANT


     Defendant, Humana Inc. ("Humana"), by counsel, and for its Answer to the Complaint

filed by Plaintiff, Rita White ("Plaintiff"), states as follows:

     1.    Humana is without information sufficient to form a belief as to the truth of the

allegations contained in numerical paragraph 1 of Plaintiff's Complaint, and therefore denies

same.

     2.    Humana admits the allegations contained in numerical paragraph 2 of the

Complaint.

     3.    Humana is without information sufficient to form a belief as to the truth of the

allegations contained in numerical paragraph 3 of the Complaint and, therefore, denies those

allegations.

     4.    Humana denies the allegations contained in numerical paragraph 4 of the

Complaint.

     5.    With respect to the allegations contained in numerical paragraph 5 of the

Complaint, Humana admits that Plaintiff was initially hired and employed by it until December

15, 2002, at which time she was employed solely by Humana Insurance Company, and denies

the remaining allegations.

6.    With respect to the allegations contained in numerical paragraph 6 of the Complaint, Humana admits that Plaintiff only worked for Humana in Louisville, Kentucky until December 15, 2002, and denies the remaining allegations.

7.    Humana denies the allegations contained in numerical paragraph 7 of the Complaint.

8.    Humana is without information sufficient to form a belief as to the truth of the allegations contained in numerical paragraph 8 of the Complaint and, therefore, denies those allegations.

9.    Humana is without information sufficient to form a belief as to the truth of the allegations contained in numerical paragraph 9 of the Complaint and, therefore, denies those allegations.

10.    Humana is without information sufficient to form a belief as to the truth of the allegations contained in numerical paragraph 10 of the Complaint and, therefore, denies those allegations.

11.    Humana denies the allegations contained in numerical paragraph 11 of the Complaint.

12.    Humana is without information sufficient to form a belief as to the truth of the allegations contained in numerical paragraph 12 of the Complaint and, therefore, denies those allegations.

13.    Humana denies the allegations contained in numerical paragraph 13 of the Complaint.

14.    Humana denies the allegations contained in numerical paragraph 14 of the Complaint.

15.     With respect to the allegations contained in numerical paragraph 15 of the Complaint, Humana incorporates by reference its responses to numerical paragraphs 1-14 above as if fully set forth herein.

16.     Humana denies the allegations contained in numerical paragraph 16 of the Complaint.

17.     Humana denies the allegations contained in numerical paragraph 17 of the Complaint.

18.     With respect to the allegations contained in numerical paragraph 18 of the Complaint, Humana incorporates by reference its responses to numerical paragraphs 1-17 above as if fully set forth herein.

19.     Humana denies the allegations contained in numerical paragraph 19 of the Complaint.

20.     Humana denies the allegations contained in numerical paragraph 20 of the Complaint.

21.     Humana denies the allegations contained in numerical paragraph 21 of the Complaint.

22.     With respect to the allegations contained in numerical paragraph 22 of the Complaint, Humana incorporates by reference its responses to numerical paragraphs 1-21 above as if fully set forth herein.

23.     Humana denies the allegations contained in numerical paragraph 23 of the Complaint.

24.     Humana denies the allegations contained in numerical paragraph 24 of the Complaint.

25.     With respect to the allegations contained in numerical paragraph 25 of the Complaint, Humana incorporates by reference its responses to numerical paragraphs 1-24 above as if fully set forth herein.

26.     Humana denies the allegations contained in numerical paragraph 26 of the Complaint.

27.     Humana denies the allegations contained in numerical paragraph 27 of the Complaint.

28.     With respect to the allegations contained in numerical paragraph 28 of the Complaint, Humana incorporates by reference its responses to numerical paragraphs 1-27 above as if fully set forth herein.

29.     Humana denies the allegations contained in numerical paragraph 29 of the Complaint.

30.     Humana denies the allegations contained in numerical paragraph 30 of the Complaint.

31.     With respect to Plaintiff's prayer for relief, Humana affirmatively states that Plaintiff is not entitled to any relief for which she prays in paragraphs A-H of the Complaint.

32.     Humana denies any and all allegations contained in the Complaint that are not specifically admitted herein.

### FIRST DEFENSE

33.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

34.     Plaintiff has sued the wrong party, as Humana was not the "employer" of Plaintiff under KRS 334.010, *et seq* during any relevant time period.

## THIRD DEFENSE

35.    Plaintiff has failed to join a necessary party.

## FOURTH DEFENSE

36.    Plaintiff's Complaint is barred, in whole or in part, by the applicable statutes of limitation.

## FIFTH DEFENSE

37.    Workers compensation is the sole proper remedy, if any is warranted.

## SIXTH DEFENSE

38.    Plaintiff's claims are barred by the doctrines of estoppel and unclean hands.

## SEVENTH DEFENSE

39.    Plaintiff was an at-will employee who, under Kentucky law, could be terminated at any time, for any reason not contrary to law, with or without notice.

## EIGHTH DEFENSE

40.    All actions taken with respect to Plaintiff were based upon legitimate, non-discriminatory and non-retaliatory factors which were not pretexts for intentional discrimination, and were done in good faith and in an honest belief that they were appropriate under the law.

## NINTH DEFENSE

41.    Plaintiff has failed to suffer any damages and, to the extent she has suffered damages, has failed to mitigate her damages.

## TENTH DEFENSE

42.    Plaintiff cannot establish a *prima facie* case of disability discrimination.

### ELEVENTH DEFENSE

43.     At all times relevant to the issues raised in the Complaint, Humana treated Plaintiff the same as similarly situated individuals who are not protected under the Kentucky Civil Rights Act and it has not discriminated against her on the basis of any alleged disability.

### TWELFTH DEFENSE

44.     Actions complained of by Plaintiff were not outrageous as to qualify for an Intentional Infliction of Emotional Distress Claim which is preempted and subsumed by the claims she asserted under the Kentucky Civil Rights Act, KRS Chapter 344.

### THIRTEENTH DEFENSE

45.     Humana did not refuse to accommodate Plaintiff and her alleged disability.

### FOURTEENTH DEFENSE

46.     Plaintiff is not "disabled" as that term is defined by the Kentucky Civil Rights Act.

### FIFTEENTH DEFENSE

47.     Humana did not regard Plaintiff as someone with a "disability" as that term is defined by the Kentucky Civil Rights Act.

### SIXTEENTH DEFENSE

48.     Plaintiff is not a "qualified individual with a disability" as defined in the Kentucky Civil Rights Act.

### SEVENTEENTH DEFENSE

49.     Because Plaintiff does not have a "disability" under the Kentucky Civil Rights Act, Humana owed her no duty of accommodation.  In addition, because Plaintiff does not have a "disability" under the Kentucky Civil Rights Act, any alleged adverse employment action taken against her cannot violate the statute.  Even assuming she met the definition of a "qualified

6

individual with a disability," Humana did not fail to provide a reasonable accommodation. Humana is not obligated to provide alleged accommodations that meet the definition of an "undue hardship" under the Kentucky Civil Rights Act.

### EIGHTEENTH DEFENSE

50.   Plaintiff's alleged damages were not caused by Humana.

### NINETEENTH DEFENSE

51.   Humana's actions were not discriminatory on any unlawful basis.

### TWENTIETH DEFENSE

52.   Humana's actions do not constitute a violation of public policy, which claims are preempted by the Kentucky Civil Rights Act, KRS 344 *et seq.*

### TWENTY-FIRST DEFENSE

53.   Plaintiff is not entitled to recover punitive damages.  Punitive damages are not available remedies for some or all of Plaintiff's claims.  Punitive damages are not provided by the Kentucky Civil Rights Act for employment claims.  *See Ky. Dept. of Corr. v. McCullough*, 123 S.W.3d 130 (Ky. 2003).  To the extent Plaintiff's Complaint seeks to make Humana liable for punitive damages, Humana adopts by reference whatever defenses, criteria, limitations and standards are mandated by the United States Supreme Court's decision in *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996).  There are no adequate safeguards with respect to the imposition of punitive damages against Humana as presently applied to meet the requirements of due process of law under the Fourteenth Amendment of the Constitution of the United States.  Accordingly, the imposition of punitive damages in this case against Humana would violate the United States and Kentucky Constitutions.

7

## TWENTY-SECOND DEFENSE

54.     Humana reserves the right to amend this Answer to raise any and all defenses, affirmative or otherwise, which may become available during this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Humana requests relief as follows:

A.      That Plaintiff's Complaint be dismissed in its entirety;

B.      That Plaintiff be required to pay any costs, expenses, and/or attorneys fees for Humana, and any post and/or pre-Judgment interest thereon; and

C.      Any and all further relief to which Humana may be entitled.


Respectfully submitted,

Philip C. Eschels
Blaine R. Blood
GREENEBAUM DOLL & MCDONALD PLLC
101 South Fifth Street
3500 National City Tower
Louisville, Kentucky 40202
Telephone:  (502) 589-4200
Facsimile:  (502) 587-3695

COUNSEL FOR DEFENDANT
HUMANA INC.

8

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served this _17th_ day of August, 2009, by

First-Class Mail, addressed to:

> Kurt A. Scharfenberger, Esq.
> 1600 Kentucky Home Life Building
> 239 South Fifth Street
> Louisville KY  40202

> COUNSEL FOR PLAINTIFF

COUNSEL FOR DEFENDANT,
HUMANA, INC.

3521354_1.doc

9