UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 10-570-C**

**RITA WHITE,** **PLAINTIFF,**

**V.**     **MEMORANDUM OPINION AND ORDER**

**HUMANA INSURANCE COMPANY, ET AL.,**     **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion to remand by plaintiff Rita White. R. 11. For the reasons set out below, this court will deny the motion.

White filed an action in Jefferson Circuit Court against defendants Humana Insurance Company and Roberta Zimmerman. Humana and Zimmerman previously removed the instant case to this court. No. 10-CV-190. This court, on its own motion, remanded the case to the Jefferson Circuit Court on April 23, 2010. *Id*. at R. 4. After discovery has been taken, Humana and Zimmerman remand this case again, claiming fraudulent joinder based on new paper. In order for this court to assert diversity jurisdiction, there must exist total diversity among the parties. However, if Zimmerman is a fraudulently joined party, the right of removal cannot be defeated. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921).

Humana and Zimmerman have met their burden of demonstrating fraudulent joinder. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948-49. "[A] party is fraudulently joined if there is no reasonable basis for predicting that the state law

1

might impose liability on the facts involved." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir., 1999) (quoting *Alexander*, 13 F.3d at 949). If there is a colorable basis for predicting that White may recover against Zimmerman, this court must remand. *Coyne*, 183 F.3d at 493. Inquiry into the defendants' claim of fraudulent joinder is less searching than one triggered by a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hix v. Affiliated Computer Servs.*, No. 08-521, 2009 WL 2240548, *2 (E.D. Ky. July 27, 2009) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992)). "Therefore, it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted." *Id.* at *2

This court looks to state law to determine whether White could establish a claim. White has sued under Kentucky law which makes it unlawful to discharge or otherwise discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment because the person is a qualified individual with a disability. KY. REV. STAT. ANN. § 334.040 (2010). In order to establish a *prima facie* case for retaliation, White must establish "(1) that plaintiff engaged in an activity protected by [the Act]; (2) that the exercise of his civil rights was known by the defendant; (3) that, thereafter, the defendant took an employment action adverse to the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action." *Christopher v. Stouder Memorial Hospital*, 939 F.2d 870, 877 (6th Cir. 1991).

This court determined previously that the record was sufficient to determine that White had a cause of action. No. 10-CV-570. However, the previous removal does not prevent the defendants from seeking this removal if subsequent events reveal that Zimmerman was fraudulently joined. *Peters v. Lincoln Electric Co.*, 285 F.3d 456, 466 (6th Cir. 2002) ("Unquestionably, information elicited during a deposition may serve that purpose" as an "other paper" referred to in the removal statute, 28 U.S.C. § 1446(b)).

The new "papers" cited by Humana and Zimmerman are sufficient to meet the standard of fraudulent joinder. The defendants point to Zimmerman's deposition on July 28, 2010, and the sworn statement by Kristen Mull to assert that White cannot establish evidence of any retaliatory act by Zimmerman. In her deposition, Zimmerman states that she was not aware of White's termination on June 5, 2006, though once she did learn of it, she made no effort to rehire White. R. 12-2, pg. 2. While a failure to rehire could be a retaliation under KRS 344.280, White specifically cites in her complaint that she was "wrongfully terminated by Humana and Zimmerman on June 5, 2006." R. 1, Exhibit 1-8, pg. 3. She makes no claim against Zimmerman for retaliation for failure to rehire.

Since White has presented no evidence to the contrary, the assertions contained in the affidavits and depositions are assumed to be true. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-8 (1921). Therefore, Zimmerman's and Hull's assertions that the termination was a clerical error and not a result of an

action of Zimmerman is taken as true for the purpose of this motion. Further, an increase in case work is not the type of materially adverse change, absent some other showing, which would trigger the "retaliate" factor in KRS 344.280. *Brooks v. Lexington-Fayette Urban County Housing Authority*, 132 S.W.3d 790 (Ky. 2004). Since White has failed to meet the third factor for a *prima facie* case for retaliation, there is no reasonable basis for predicting that the state law might impose liability on the facts involved. Therefore, this court will deny the motion to remand.

The one-year limitation on removal is not applicable because "the one year limit on removal of diversity cases does not apply to cases involving fraudulent joinder." *Hardey v. AJAX Magnathermic Corp*., 122 F. Supp. 2d 757, 759 (W.D.Ky. 2000). Since this court has determined that Zimmerman was fraudulently joined, the one-year statute of limitation does not bar the defendants from removal beyond the one-year limitation. Accordingly,

**IT IS ORDERED** that White's motion to remand (R. 11) is **DENIED**.

Signed on December 10, 2010

**Jennifer B. Coffman, Judge**
**United States District Court**