**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

**CIVIL ACTION NO. 10-570-C**

**RITA WHITE,**                                                                                                          **PLAINTIFF,**

**V.**                     **MEMORANDUM OPINION AND ORDER**

**HUMANA INSURANCE COMPANY, ET AL.,**                      **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon Humana Insurance Company's motion for summary judgment (R.10). Because White has not met her burden of proving that genuine disputes of material fact exist in this case, the court will grant Humana's motion.

White was employed by Humana Insurance Company. In February 2003, she took seven weeks' leave under the Family Medical Leave Act for symptoms that were diagnosed as pseudotumor cerebri, a condition linked with elevated intracranial pressure. During her FMLA leave, White was enrolled in Humana's Short-Term Disability leave program, which paid her a reduced salary while she was absent from work. After her leave, she returned to work without problems. White took further intermittent FMLA leave between 2003 and 2006 for therapy, prescriptions, doctor's appointments, and medical tests, but she was not incapacitated at any time while on leave.

White again took FMLA leave starting in late April 2006 for symptoms including migraine headaches, blank spots in her vision, and blackouts. At the

same time, she was approved for STD leave until May 15, 2006. Once White exhausted her FMLA leave in late May, Humana informed her in a letter that it had no further obligation to hold her position open. The letter also informed White that pursuant to Humana's STD policy, if her position was filled she would have 30 days after her STD leave expired to apply for another position with Humana and that she would still be considered "employed" for benefits purposes until the end of that 30-day period. White applied for an extension of STD benefits, and Humana extended her STD leave until June 25, 2006.

When White did not return to work after her FMLA leave expired in May, her supervisor, Kristen Mull, hired another employee to fill White's position. Mull then on June 5 mistakenly marked White as "terminated" in Humana's computer system. Mull sent White a letter informing her that her position had been filled and explaining the procedure by which Mull might return to work after being released by her doctor. Mull's supervisor, Roberta Zimmerman, called White on June 8 to inform her that her position had been filled and to advise her to contact Human Resources regarding continuing her STD benefits. At the time of her call, Zimmerman was unaware that White had been marked "terminated".

White called Human Resources on June 8 and learned that the computer system had reported her as "terminated" as of June 5. White disputed the termination and, after an internal investigation, Humana reinstated her benefits at the end of June and permitted White to re-enroll in her health insurance plan online.

White received back pay for the STD benefits withheld from June 5 on, but experienced difficulty having her health insurance benefits reinstated and continued to communicate with Humana by letter regarding her health benefits. White did not apply for another position at Humana, and her employment was therefore officially terminated on September 22, 2006. White brought suit against Humana asserting claims under the Kentucky Civil Rights Act, KY. REV. STAT. ANN § 344.010 (Lexis 2006) *et seq.*, for disability discrimination, retaliation, and failure to accommodate; she also asserted claims for wrongful discharge in violation of public policy and intentional infliction of emotional distress. White joined Zimmerman in her retaliation claim.

White's claims against Humana for disability discrimination, retaliation, and failure to accommodate under the KCRA fail because White's condition and ailments do not substantially limit her major life activities so as to constitute a disability and because White has not shown that Humana regarded her as disabled. Because White cannot make a prima facie case of discrimination under the KCRA, summary judgment on her discrimination-related claims is appropriate.

KRS 344.010 provides that "[d]isability means, with respect to an individual: (a) A physical or mental impairment that substantially limits one (1) or more of the major life activities of the individual; (b) A record of such an impairment; or (c) Being regarded as having such an impairment." The KCRA in this respect mirrors the language of the Americans with Disabilities Act and is interpreted consistently

with it. *See Howard Baer, Inc. v. Schave*, 127 S.W.3d 589, 592 (Ky. 2003); *Brohm v. JH Properties, Inc.*, 149 F.3d 517, 520 (6th Cir. 1998). White claims she is disabled because she suffers from pseudotumor cerebri, which she characterizes as a "chronic and permanent neurological disease that affects the central nervous system." But a physical or mental impairment alone does not constitute a disability for purposes of the KCRA or the ADA without evidence that the impairment substantially limits a major life activity of the individual. *See Toyota Motor Mfg. Kentucky, Inc. v.* Williams, 534 U.S. 184, 193 (2002); *Howard Baer*, 127 S.W.3d at 592; KY. REV. STAT. ANN § 344.010.

White's impairment does not constitute a disability because it does not substantially limit her major life activities. "Disability," "substantially limits," and "major life activity" are terms of art under the KCRA and ADA. *See Mahon v. Crowell*, 295 F.3d 585, 590 (6th Cir. 2002). Though White experienced migraine headaches, blind spots in her vision, blackouts, and other symptoms that left her "bedridden" for periods of two or three days to two weeks, the record indicates that these were isolated episodes and that White was otherwise capable of working and performing other activities and did so. After White first experienced symptoms of pseudotumor cerebri in early 2003, she returned to work, where she satisfactorily performed her job duties. White took intermittent FMLA leave between 2003 and 2006 for medical appointments and tests, but she not incapacitated at any time during that interval. Deposition of Rita White, Mar. 9,

2010, at 61-62.  Though White took extended leave to deal with similar symptoms in 2006, which gave rise to the events underlying this case, she argues that she was prepared to return to work on June 26, 2006.  White asserts in her response to Humana's motion that "she was and is substantially limited in her ability to think and concentrate," but she has offered no evidence to support this claim.

Accepting White's impairment and symptoms as she has argued them, *see Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 332 (6th Cir. 2008), the ailments she experiences are not a "substantial limitation" of her major life activities under the KRCA or the ADA prior to 2008 because they are intermittent in nature.  *See Mahon v. Crowell*, 295 F.3d 585, 590-91 (6th Cir. 2002).   While the ADA, as amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553, now provides that "an impairment that is episodic or in remission is a disability if it would substantially limit major life activity when active," 42 U.S.C. §12102(4)(D), the amendments to the ADA do not apply to this case because Kentucky has not adopted a similar amendment to the KCRA, and because White's claims arose before the effective date of the ADAAA. *See Milholland v. Summer Co. Bd. of Educ.*, 569 F.3d 562, 564 (6th Cir. 2009). White's impairment, therefore, cannot constitute a disability because it is not consistent or long-term, and it does not restrict her "from doing activities that are of central importance to most people's daily lives."  *Toyota*, 584 U.S. at 198.

White has also failed to designate any facts that support an inference that

Humana regarded her as disabled. KY. REV. STAT. ANN § 344.010. White has not established that Humana either mistakenly believed that she had a physical impairment that substantially limited one or more major life activities or mistakenly believed that an actual, non-limiting impairment substantially limited one or more major life activities. *See Moorer v. Baptist Memorial Health Care Sys.*, 398 F.3d 469, 479 (6th Cir. 2005). White has made no claims that Humana believed she had a condition that she did not, in fact, have. White testified that her sole grounds for asserting that Humana considered her disabled is that Humana terminated her while she was on STD leave. That action, however, cannot suffice to prove that Humana considered her disabled. *See Summers v. Middleton & Reutlinger, P.S.C.*, 214 F.Supp.2d 751 (W.D. Ky. 2002).

Because White was not disabled for purposes of the KCRA, and becase she has failed to show that Humana regarded her as disabled, she cannot establish a prima facie case of discrimination. *See Hopkins v. Electronic Data Systems Corp.*, 196 F.3d 655, 660 (6th Cir. 1999). The court will grant summary judgment to Humana on White's claims for disability discrimination, retaliation, and failure to accommodate because White has not met her burden of designating specific facts that show there is a genuine dispute for trial. *See* FED. R. CIV. PRO. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 800 (6th Cir. 1994).

White has argued that summary judgment is inappropriate in employment

discrimination cases where the "defendant's intent and state of mind are placed at issue," because "employment discrimination is often accomplished by discreet manipulations and hidden under a veil of self-declared innocence." *Rosen v. Thornburgh*, 928 F.2d 528, 532 (2nd Cir. 1991). The principle from *Rosen*, a case in which the plaintiff was attempting to prove religious discrimination, is not applicable here. White's lack of a disability precludes her discrimination, retaliation, and failure-to-accommodate claims; therefore, Humana's state of mind does not even become an issue. *See Equal Employment Opportunity Comm'n v. Home Ins. Co.*, 672 F.2d 252, 257 (2nd Cir. 1982).

White's retaliation claim against Zimmerman further fails because White has failed to establish a genuine dispute of material fact. This court previously found (R. 28) that Zimmerman was fraudulently joined in this action, because there is no reasonable basis for predicting that state law might impose liability on the facts involved. In making this judgment, the court reviewed Zimmerman's deposition testimony and Mull's sworn statement, both of which asserted that Zimmerman was unaware of White's termination when Zimmerman called White on June 8. White did not present any evidence that contradicted those assertions until she submitted her response to Humana's present motion, with which she included an affidavit that contends that during the June 8 phone call, Zimmerman told White she "need not re-apply as [her] employee file had been coded, and that [she] should not have complained about [Zimmerman]." The allegations in this affidavit directly

7

contradict White's deposition testimony and all prior evidence; therefore, the court will not consider them. *See Reid v. Sears, Roebuck and Co.*, 790 F.2d 453, 460 (6th. Cir. 1986). Because White has failed to produce valid evidence that creates a genuine dispute of material fact, the court will grant summary judgment on White's retaliation claim against Zimmerman. *See* FED. R. CIV. PRO. 56(e); *Celotex,* 477 U.S. at 324 (1986); *Pierce*, 40 F.3d at 800.

White's claim for wrongful discharge in violation of public policy fails because it is pre-empted by the KCRA. White has failed to identify a "fundamental and well-defined public policy" that would apply to her termination, *see Hill v. Kentucky Lottery Corp.*, 327 S.W.3d 412, 421 (Ky. 2010) (quoting *Firestone Textile Co. Div., Firestone Tire and Rubber Co. v. Meadows*, 666 S.W.2d 730, 731 (Ky. 1983)), and has admitted that her wrongful discharge claims are grounded on the same law as her discriminatory discharge claims under the KCRA. *Hill*, 327 S.W.3d at 421. *Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985), therefore pre-empts White's wrongful discharge claim, on which the court will grant summary judgment.

White's claim for intentional infliction of emotional distress is similarly without merit. The only ground White provides for her claim is that she was terminated while on short-term disability. White has not asserted any facts that indicate that Humana intentionally or recklessly acted in such an outrageous or intolerable manner that its behavior would offend the generally accepted standards

8

of decency and morality or that she has, in fact, suffered severe emotional distress. *See Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2004); *Bednarek v. United Food and Commercial Workers Intern. Union, Local Union 227*, 780 S.W.2d 630, 632 (Ky. App. 1989)(wrongful discharge does not, by itself, constitute outrageous conduct). Summary judgment for Humana is appropriate on this claim as well.

Finally, White has also moved for the court to order a settlement conference (R. 30), which Humana has opposed (R. 31). The court, having granted summary judgment to Humana on all claims, will deny this motion as moot. Accordingly,

**IT IS ORDERED** that Humana's motion for summary judgment (R.10) is **GRANTED**.

**IT IS FURTHER ORDERED** that White's motion for settlement conference (R. 30) is **DENIED**.

A separate judgment will issue.

Signed on  August 23, 2011

Jennifer B. Coffman, Judge
United States District Court